IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK GILLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:18-cv-25 |
| | § | |
| | § | |
| MW BUILDERS, INC. and | § | |
| MW BUILDERS OF TEXAS, INC. | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

**COMPLAINT**

Plaintiff, MARK GILLEY, files this Complaint and Jury Demand against Defendants MW BUILDERS, INC. and MW BUILDERS OF TEXAS, INC., alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"); the Texas Commission on Human Rights Act; and the Family and Medical Leave Act.  For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff MARK GILLEY is a resident of Bastrop County, Texas.

2. Defendant MW BUILDERS, INC. is an entity which can be served with Citation through its Registered Agent, CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3. Defendant MW BUILDERS OF TEXAS, INC. is an entity which can be served with Citation through its Registered Agent, Timothy Chadwick, 4805 Wellington Ct., Temple, TX 76502.

4. This Court has jurisdiction to hear the merits of Mr. Gilley's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Gilley's claims arising under Texas statutory law under 28 U.S.C. §1367.

5. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in within this district and division.

## II.
## FACTUAL BACKGROUND

6. Mr. Gilley was hired by the Defendants in 1998 as a Laborer. He was promoted to Carpenter, Assistant Superintendent, Equipment Operator, and eventually to Superintendent. Mr. Gilley performed his job duties in various parts of Texas, including Guadalupe County and Travis County.

7. In June 2016, Mr. Gilley was diagnosed with Cardiomyopathy and congestive heart failure. As a result, he was forced to take a period of FMLA leave in June 2016, and then additional FMLA leave in or around September 2016. During his FMLA leave in September 2016, Mr. Gilley had a defibrillator implanted. He was told when he returned to work by Sparky Campbell and Benny Byers that he would not be allowed to return to the job site because Defendant's customer believed he was a liability. Mr. Gilley was not permitted to return for six weeks, though he was able to work. He returned to work in or around November 2016.

8. In December 2016 and January 2017, Mr. Gilley took another period of FMLA leave after his defibrillator shocked him twice while he was at work, and an ambulance came and

took him to the hospital. Mr. Gilley had heart surgery during that period of leave, and he returned to work on January 10, 2017.

9. Mr. Gilley took FMLA again from approximately March 13 until March 20, 2017, for a heart catherization because of his condition. He returned to work March 20, 2017, with a full release.

10. On May 15, 2017, Defendants terminated Mr. Gilley's employment. The reasons given by Defendants for Mr. Gilley's termination are false and a pretext for discrimination and retaliation in violation of the ADA, TCHRA, and FMLA.

### III.
### CAUSES OF ACTION
### COUNT ONE:
### Discrimination on the Basis of Disability
### in violation of the ADA and TCHRA

11. Defendants violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 et seq.; Texas Labor Code §21.001 et seq.

12. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

13. Defendants are employers under the ADA and the TCHRA.

14. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified

individual with a record of a disability, and was regarded by the Defendants as a person with a disability.

15.     Plaintiff was meeting his employer's expectations.  Plaintiff was terminated as a direct result of his disability, his record of having a disability, and/or because Defendants regarded Plaintiff as a person with a disability.

16.     Defendants violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of his disability by terminating Plaintiff's employment.  Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment.  Plaintiff's disability and/or Defendants' perception of Plaintiff as a person with a disability moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

## COUNT TWO
### Family and Medical Leave Act

17.     The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendants are in willful violation of the FMLA. Defendants violated 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

18.     Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated.  There is a causal connection between the Plaintiff's protected activity and Defendants' decision to terminate Plaintiff.  Plaintiff's taking of FMLA was a motivating

factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

## IV.
## DAMAGES

20. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

21. Defendants intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendants regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

22. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

23. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

24. A prevailing party may recover reasonable attorneys' and experts' fees. See Tex. Lab. Code §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

25. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

        Respectfully submitted,

        THE LAW OFFICES OF KELL A. SIMON
        902 East Fifth Street, Suite 207
        Austin, Texas 78702
        (512) 898-9662 Telephone
        (512) 368-9144 Facsimile

        /s/ Kell A. Simon
        Kell A. Simon
        State Bar No. 24060888
        ATTORNEY FOR PLAINTIFF